Ruth HILL, Plaintiff–Appellee,

v.

TACONIC DEVELOPMENTAL DIS-
ABILITIES SERVICES OFFICE, a
subdivision of the New York State Of-
fice of Mental Retardation and Devel-
opmental Disabilities, David Sucato,
in his individual capacity, Dan
McNeil, in his individual capacity, and
Katherine Bainer, in her individual
capacity, Defendants–Appellants.

No. 02–7435.

United States Court of Appeals,
Second Circuit.

Jan. 2, 2002.

Daniel J. Chepaitis, Assistant Solicitor
General of the State of New York (Elliot
Spitzer, Attorney General, Marion Buch-
binder, Assistant Solicitor General, of
counsel) Albany, NY, for Appellant.

Christopher D. Watkins, Thornton Berg-
stein & Ullrich LLP, Chester, NY, for
Appellee.

Present F. I. PARKER, STRAUB and
RAGGI, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court denying summary judgment to defendant-appellants David Sucato, Dan McNeil, and Katherine Bainer is hereby VACATED, and that this case is hereby REMANDED to the District Court for further findings not inconsistent with this order.

■ Defendants-appellants Taconic Developmental Disabilities Services Office ("Taconic DDSO"), a subdivision of the New York State Office of Mental Retardation and Developmental Disabilities, and three of its supervisory employees, David Sucato, Dan McNeil, and Katherine Bainer (the "individual defendants"), appeal from a January 4, 2002 memorandum and order of the district court denying their motions for summary judgment. *See Hill v. Taconic Developmental Disabilities Serv. Office*, 181 F.Supp.2d 303 (S.D.N.Y.2002).

Plaintiff-appellee Ruth Hill, a 57–year old black woman who has been employed by Taconic DDSO since 1991, sued defendants-appellants for race discrimination in employment pursuant to 42 U.S.C. §§ 1981, 1983, and 2000 *et seq.*, ("Title VII"), as well as N.Y. Exec Law § 296 (McKinney 2000), specifically charging disparate treatment, hostile work environment, and retaliation. After carefully reviewing the evidence adduced by Ms. Hill in opposition to defendants' summary judgment motions, *see Hill v. Taconic Developmental Disabilities Serv. Office*, 181 F.Supp.2d at 308–16, the district court ruled that claims pre-dating October 23, 1997 were barred by the applicable statute of limitations, *see id.* at 317–18. As to Taconic DDSO, the defendant against whom all evidence from October 23, 1997 forward was admissible, the district court (1) denied summary judgment on the Title VII disparate treatment and hostile work environment claims, finding that plaintiff had raised sufficient material issues of fact to require resolution at trial, *see id.* at 318–21; (2) granted summary judgment on plaintiff's retaliation claim, finding "no evidence" that disciplinary action taken against plaintiff in 2000 was causally connected to her 1998 EEOC charge, *id.* at 322; and (3) granted summary judgment in favor of Taconic DDSO on Ms. Hill's § 1981, § 1983, and state law claims, finding defendant shielded by Eleventh Amendment immunity, *see id.*

Having thus narrowed Ms. Hill's case, the district summarily denied the individual defendants' summary judgment motions, stating simply that with respect to the § 1981 and § 1983 claims, plaintiff had "alleged specific evidence from which a jury could find that Sucato, McNeil and Bainer possessed invidiously discriminatory animus," *id.* at 322–23, and that as to the state law claims, she "had raised an issue of fact concerning whether [the individual] defendants aided in creating a hostile work environment at Taconic DDSO," *id.* at 323. Insofar as the individual defendants invoked qualified immunity, the district court held that "[s]ince the jury may credit plaintiff's version of events and conclude that disciplinary charges against Hill were retaliatory, 'good faith' qualified immunity cannot attach." *Id.*

■ The law is well established that a denial of summary judgment based on a substantial claim of qualified immunity is reviewable on interlocutory appeal under the collateral order doctrine where the district court has rejected the defense as a matter of law. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Munafo v. Metropolitan Transp. Auth.*, 285 F.3d 201, 210 (2d Cir.2002). A more difficult jurisdictional question arises when, as in this case, a district court's ruling on qualified immu-

nity "depends upon an assessment of facts and a finding that disputed material facts exist." *Poe v. Leonard,* 282 F.3d 123, 132 (2d Cir.2002). An immediate appeal may still lie if defendant asserts that even if all factual issues are resolved in favor of plaintiff, "the immunity defense is established as a matter of law because those facts show either that he 'didn't do it' or that it was objectively reasonable for him to believe that his action did not violate clearly established law." *See id.* (quoting *Salim v. Proulx,* 93 F.3d 86, 89 (2d Cir. 1996)). Where, however, a defendant argues that the district court erred in concluding that plaintiff had produced sufficient evidence to create a jury issue on facts relevant to the qualified immunity defense, an interlocutory appeal will not lie. *Id.*

The individual defendants and Ms. Hill sharply disagree as to which of these two scenarios is presently before us. To resolve this question, we need to ensure our clear understanding of both the claims Ms. Hill asserts against each individual defendant and the "specific evidence" to which the district court alluded in rejecting that person's qualified immunity defense. *See Johnson v. Jones,* 515 U.S. 304, 311, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995) (holding that interlocutory review of qualified immunity denials must focus on whether "certain given facts" demonstrate a violation of clearly established law); *Grant v. City of Pittsburgh,* 98 F.3d 116, 123 (3d Cir.1996) (holding that *Johnson v. Jones* standard presupposes a set of "certain given facts" against which a court can measure a clearly established right).

The problem we encounter is that the district court, while carefully reviewing the totality of evidence supporting Ms. Hill's claims against Taconic DDSO, did not particularize either the claims or facts relevant to each individual defendant. This is significant to our review because plaintiff's case is not based on a single incident in which all defendants allegedly participated. Rather, Ms. Hill complains of numerous incidents spanning several years, in some of which only one or sometimes none of the individual defendants took part. *See Hill v. Taconic Developmental Disabilities Serv. Office,* 181 F.Supp.2d at 310–14 (naming only defendant McNeil in Matolla and McNeil incidents; naming only defendant Bainer in Woelfel and Bonnell incidents; naming no individual defendant in Conahan, Bronk, Milton, Bradshaw, or Tuck incidents). Precisely because "qualified immunity analysis depends upon an individualized determination of the misconduct alleged," *Poe v. Leonard,* 282 F.3d at 134, *see Cunningham v. Gates,* 229 F.3d 1271, 1287 (9th Cir.2000) (holding that qualified immunity analysis requires that a court "carefully examine the specific factual allegation against each individual defendant"), courts are obliged to consider whether the facts adduced against a particular defendant could establish "a violation of a constitutional right at all," *Munafo v. Metropolitan Trans. Auth.,* 285 F.3d at 211 (quoting *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)), and if so, whether the defendant's actions were objectively reasonable in light of then clearly established law, *id.* at 210.

The lack of individualized findings in this case presents particular concerns because the only stated reason for the district court's rejection of defendants' qualified immunity defense, i.e., the possibility of a jury finding that defendants subjected Ms. Hill to retaliatory discipline, *see Hill v. Taconic Developmental Disabilities Serv. Office,* 181 F.Supp.2d at 323, appears inconsistent with the earlier holding that "no evidence" supports plaintiff's retaliation claim, *id.* at 322. Further complicating this court's review of defendants' immunity defense is the fact that plaintiff's

claim against defendant Sucato depends largely on his involvement in the decision to discipline Ms. Hill, *see id.* at 315; he is not alleged to have participated in any of the earlier discriminatory incidents. By contrast, defendant McNeil, although charged with a number of discriminatory incidents, apparently played no role in the disciplinary action. The disciplinary decision, however, is the only adverse employment action found by the district court to support plaintiff's disparate treatment claim. *See id.* at 318–19. To the extent plaintiff's counsel suggested at oral argument that other adverse employment actions might be proved at trial, he appears to raise claims that were either not presented to the district court or already rejected by it as legally insufficient.

In sum, while we recognize the considerable efforts already expended by the district court in shaping this litigation, we conclude that further particularized findings are necessary on the discrete question of qualified immunity to ensure that we do not overstep the boundaries of our proper interlocutory jurisdiction. We therefore request that the district court identify the specific rights violations pursued by plaintiff against each individual defendant, as well as the facts relevant to any conclusion that each individual defendant's actions were or were not objectively reasonable in light of then clearly established law.

The order of the district court denying summary judgment to defendants Sucato, McNeill, and Bainer is hereby VACATED and the case REMANDED to the district court for further findings not inconsistent with this order. Thereafter, Ms. Hill or any of the individual defendants may restore jurisdiction to this court by notifying the Clerk of Court by letter that the ordered findings have been made, whereupon the returned appeal will be reassigned to this panel without need for an additional notice of appeal. *See United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994). To the extent Taconic DDSO asks this court to exercise its discretionary pendent jurisdiction to review the district court's denial of summary judgment in its case at the same time as the qualified immunity appeal of the individual defendants, the court hereby denies this application without prejudice to renew without further briefing at such time as jurisdiction may be restored in the case of the individual defendants.