**Ruth HILL, Plaintiff–Appellee,**

v.

**TACONIC DEVELOPMENT DISABILITIES SERVICES OFFICE, a subdivision of the New York State Office of Mental Retardation and Developmen-**

tal Disabilities, David Sucato, in his individual capacity, Dan McNeil, in his individual capacity and Katherine Bainer, in her individual capacity, Defendants–Appellants.

No. 02–7435.

United States Court of Appeals, Second Circuit.

Dec. 5, 2003.

Daniel J. Chepaitis, Assistant Solicitor General of the State of New York (Elliot Spitzer, Attorney General, Marion Buchbinder, Assistant Solicitor General), Albany, New York, for Appellant, of counsel.

Christopher D. Watkins, Thornton Bergstein & Ullrich, LLP, Chester, New York, for Appellee.

Present: STRAUB, RAGGI, Circuit Judges.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court denying summary judgment to defendants-appellants Taconic Development Disabilities Services Office ("Taconic DDSO"), and three of its supervisory employees, David Sucato, Dan McNeil, and Katherine Bainer (the "individual defendants") is hereby AFFIRMED.

This case returns to the court pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (1994), having been remanded to the district court by our January 2, 2003 summary order for more particularized findings necessary for this court to determine the propriety of exercising interlocutory appellate jurisdiction over the individual defendants' claims of qualified immunity. *See Hill v. Taconic Developmental Disabilities Services Office, et al.*, 57 Fed. Appx. 9 (2d Cir.2003). The district court

---

1. Judge Fred I. Parker was originally the third member of the panel when argument was heard and this case was remanded for further findings to the district court. His untimely death on August 12, 2003, prevented his participation in this decision. This appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. 0.14(1).

having made the findings called for in our mandate and having adhered to its original conclusion that the individual defendants are not shielded by qualified immunity and, therefore, not entitled to summary judgment, *see Hill v. Taconic Disabilities Services Office, et al.,* 283 F.Supp.2d 955 (S.D.N.Y.2003), this court now proceeds to address the question of jurisdiction.

As we noted in our January 2, 2003 order, there is an important jurisdictional distinction between (1) interlocutory appellate challenges asserting that even when all facts are viewed in the light most favorable to the plaintiff, it was objectively reasonable for the movant to believe that his actions did not violate clearly established federal law; and (2) challenges that question the sufficiency of the evidence to support plaintiff's claim of a violation of clearly established federal law. *See Poe v. Leonard,* 282 F.3d 123, 132 (2d Cir.2002). While the former argument will be heard on interlocutory appeal, the latter will not. *Id.* Because the district court's supplemental findings clarify that the parties' dispute in this case is of the latter variety, this appeal must be dismissed for lack of appellate jurisdiction. As the district court observed, plaintiff Ruth Hill, an African-American female, has adduced evidence that individual defendant McNeil, her direct supervisor, engaged in a variety of rude and disrespectful actions toward her that differed markedly from his treatment of similarly situated white employees and that materially undermined Ms. Hill's ability to manage subordinates, coordinate assignments with coworkers, and respond to consumers, thereby subjecting her to a hostile work environment based on race. *See Hill v. Taconic Disabilities Services Office, et al.,* 283 F.Supp.2d at 959–60. Further, plaintiff offers evidence that Taconic DDSO supervisors Bainer and Sucato failed to take remedial measures after receiving notice of Hill's complaints of racially discriminatory treatment. *Id.* at *4–*6.

Because established law clearly prohibits hostile work environments based on race, *see Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 68–69 (2d Cir. 2000), and plainly recognizes supervisory responsibility to remedy reported racial discrimination, *Jemmott v. Coughlin,* 85 F.3d 61, 67 (2d Cir.1996); *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995), the individual defendants cannot claim that it was objectively reasonable for them to believe that the deliberate creation of a racially hostile work environment or supervisors' failure to remedy it did not violate clearly established federal law.

Instead, defendants insist that they are entitled to qualified immunity because it is not clearly established that a mid-level supervisor's failure to support the supervisory authority of his subordinate—even if motivated by racial bias—creates a hostile work environment. In fact, this is a challenge to the sufficiency of plaintiff's evidence of hostile work environment not to the district court's application of the qualified immunity doctrine. The law clearly recognizes that supervisors can create a hostile work environment in a variety of ways. *See generally Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (stating that a hostile work environment is created "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment"); *Terry v. Ashcroft,* 336 F.3d 128, 148–149 (2d Cir.2003) (listing various retaliatory job actions with respect to transfers, vehicle and firearms privileges, and leave requests, as well as personal shunning and disparagement that made employee's "work environment un-

usually and unnecessarily unpleasant on a nearly daily basis"). Indeed, the Supreme Court has expressly rejected the argument that a plaintiff must cite cases involving conduct "fundamentally" or "materially" similar to defendant's to defeat a qualified immunity claim that the defendant lacked notice that his conduct is clearly unlawful. *See Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (internal quotation and citation omitted). Thus, to the extent the individual defendants here submit that the district court erred in concluding that plaintiff's evidence, although "thin," *see Hill v. Taconic Developmental Disabilities Services Office, et al.,* 283 F.Supp.2d at 962, sufficed to support a jury finding that McNeil's allegedly discriminatory conduct created a racially hostile work environment, any appellate challenge must await a final judgment.

Because this court lacks jurisdiction over the interlocutory appeal of the individual defendants, we cannot exercise jurisdiction over Taconic DDSO's pendent appeal. In sum, this appeal is DISMISSED for lack of jurisdiction as to all parties.